UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | |
| | § | Civil Action No. 3:20-CR-00317-X-1 |
| BRYAN HOLLINS, | § | |
| | § | |
| *Defendant.* | § | |

## **MEMORANDUM OPINION AND ORDER**

On June 26, 2020, the United States of America (the "Government") appealed a pretrial release order issued by United States Magistrate Judge Stephen C. Dries of the Eastern District of Wisconsin requesting the Court vacate the pretrial release order and order defendant Bryan Hollins detained pending trial [Doc. No. 6]. The same day the Court entered an order staying the pretrial release order until this Court fully considers the Government's appeal [Doc. No. 3]. The Government has charged Hollins with attempted child sex trafficking in violation of 18 U.S.C. §§ 1594, 1591(a) and (b)(2) [Doc. No. 1].

The Government in its appeal argues that 18 U.S.C. § 3142(e)(3) creates a rebuttable presumption in favor of detention that Hollins cannot overcome and, in the alternative, the factors listed under 18 U.S.C. § 3142(g) favor detention because Hollins poses a danger to the community. Hollins, in his response, argues that the rebuttable presumption does not apply and that the section 3142(g) factors do not favor detention. In order to consider these arguments, there is a threshold issue as

1

to whether Hollins is eligible for detention in the first place. As a preliminary matter, the Court holds that, as Hollins is charged with violating 18 U.S.C. § 1591, he is eligible for detention pursuant to 18 U.S.C. § 3142(f).[1] The Court now fully considers the Government's appeal. Upon consideration, the Court **VACATES** the Magistrate Judge's pretrial release order and **ORDERS** Hollins to be detained.

I.

As the Court concludes the Government has shown the section 3142(g) factors cut in favor of detention, the Court assumes for the purposes of this order that the section 3142(e)(3) rebuttable presumption has been overcome. Section 3142(g) sets out four factors a court must consider in determining whether there are conditions of release for a defendant that will reasonably assure the safety of any other person and the community. The section 3142(g) factors include: (1) the nature and circumstances of the offense charged, including whether the offense is a violation of 18 U.S.C. § 1591, which involves child sex trafficking, (2) the weight of the evidence against the defendant, (3) the history and characteristics of the defendant, including the defendant's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, and criminal history, and (4) the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release. The Government must show that clear and

---

[1] *See United States v. Okhumale*, 2020 WL 2517083, at \*2 (5th Cir. May 15, 2020) (per curiam) (stating that detention can only be ordered if one of the six circumstances listed under 18 U.S.C. § 3142(f) is met).

convincing evidence supports these factors.[2]

The Government has shown clear and convincing evidence that all four section 3142(g) factors favor detention. Regarding the first factor, the nature and circumstances of the charged offense, attempted child sex trafficking in violation of 18 U.S.C. §§ 1594, 1591(a) & (b)(2), favors detention. The Government alleges, supported by an extensive affidavit, that Hollins tried to recruit an undercover agent with Homeland Security Investigations, who he believed to be a 17-year old female, to engage in commercial sex at his direction. The Government also cites its affidavit to show that Hollins not only believed he was recruiting a 17-year old female but was also aware of the seriousness of the crime he was committing, as evidenced by the numerous alleged steps he took to avoid law enforcement detection. Hollins does not contest the Government on this factor. The Court therefore concludes the Government has shown that the nature and circumstances of the charged offense favor detention.

Regarding the second factor, the Government has shown the weight of the evidence favors detention. The Government's affidavit details the communications between Hollins and the undercover agent and Hollins's other related activities. Among other things, the affidavit delves into Hollins's instructions to the undercover agent to engage in commercial sex and Hollins's posting of a commercial sex advertisement. Hollins also does not contest the Government on this factor, only noting that, without seeing all the evidence, it cannot say for sure if this factor is met.

---

[2] 18 U.S.C. § 3142(f)(2)(B); *United States v. Fortna*, 769 F.2d 243, 249 (5th Cir. 1985).

The Court concludes the Government's affidavit provides clear and convincing evidence that the weight of the evidence favors detention.

Regarding the third factor, the Government has shown Hollins's history and characteristics favor detention. Hollins's past criminal history includes several convictions, including possession with intent to distribute, operating a vehicle while intoxicated, disorderly conduct, and battery. The disorderly conduct and battery convictions are of particular relevance to this case because they involve violence against a woman. The Government further provides police reports which report that the incident at issue involved multiple incidents of sexual assault, robbery, and kidnapping for which Hollins was charged. For reasons unknown, these charges were pled down to battery and disorderly conduct. Given that the crime at issue involves an attempt to traffic a female minor, past convictions for battery and disorderly conduct against a woman bear serious weight in this Court's consideration of this factor. The Court concludes these convictions show Hollins's history and characteristics favor detention and outweigh the other considerations in this factor.

Hollins objects that the Court should not consider the details of the police report relating to the battery and disorderly convictions and the initial charges of sexual assault, robbery, and kidnapping brought in that case because those charges are not what Hollins was ultimately convicted of. Moreover, Hollins contends the police report is hearsay and that as neither of the attorneys knows the details surrounding the case, it would be inappropriate to speculate as to why the initial charges were reduced. Hollins argues that the other considerations show Hollins's

4

history and characteristics favor release.  Specifically, Hollins points to his being born

and raised in Milwaukee, Wisconsin, his residing and being employed there, and how

his asthma poses a risk to his physical condition due to the outbreak of COVID-19 in

the jails and detention centers in the Dallas-Fort Worth area.

The Court takes Hollins's objections seriously, but they are ultimately

insufficient.  The Court acknowledges Hollins's concerns about putting too much

stock into the details in the police report and the initial charges, given the parties'

lack of knowledge about the circumstances of the case.  However, what remains

undisputed, and what the presented evidence clearly shows, is that Hollins was

convicted of disorderly conduct and battery against a woman and this fact, together

with the seriousness of the crime charged in this case, is what leads this Court to

conclude Hollins's history and characteristics favor detention.  Regarding Hollins's

COVID-19 concerns, Hollins argues that the Dallas-Fort Worth area jails and

detention centers have a significant and poorly controlled Covid-19 outbreak but does

not provide any further details to support this contention.  The Bureau of Prisons has

implemented measures for addressing the COVID-19 pandemic to minimize the

detainees' exposure to contracting the virus.[3]  While Hollins's concerns about the

pandemic are not without merit, the Court gives little weight to a general allegation

that the Dallas-Fort Worth area jails and detention centers have a poorly controlled

outbreak.  Lastly, the Court gives Hollins's ties to Milwaukee some weight, but they

---

[3] *See* Federal Bureau of Prisons, *BOP Implementing Modified Operations*, https://www.bop.gov/coronavirus/covid19_status.jsp (last visited July 31, 2020).

are outweighed by Hollins's battery and disorderly conduct convictions.  For these reasons, the Court concludes Hollins's history and characteristics favor detention.

Regarding the fourth factor, the Government has shown that Hollins is a danger to the community.  The seriousness of the charge in this case and the evidence supporting it, together with Hollins's past violent convictions against a woman, are sufficient to show that Hollins is a danger to the community.  Moreover, the conditions of release in the magistrate judge's pretrial release order do not reasonably mitigate the danger Hollins would pose if released.  Hollins's proposed third-party custodian, his brother, is a college student and so it is doubtful he will be able to keep a constant eye on Hollins, given the workload a college student must handle.  Hollins's brother also needs internet access at his residence to attend classes.  Although the pretrial order requires monitoring of any electronic devise owned by the defendant, there is apparently no way to monitor internet usage through the apartment's smart TV.  Additionally, nothing in the pretrial release order prevents Hollins from buying a new smart phone or using another person's smartphone to avoid being monitored.

Hollins objects that he is not a danger to the community because no real child was harmed or affected because of his actions.  Specifically, because an undercover agent was the "victim" in this case, there never was a child victim in the first place. Hollins stresses that an attempted offense should not be viewed with the same severity as the underlying offense when it comes to assessing the danger the defendant would pose to the community.  Hollins further argues that Hollins has not engaged in activity like this before and that it is unlikely Hollins will repeat it.

The Court is unconvinced by this objection.  Following Hollins's logic, someone who shoots at someone and misses due to bad luck is less dangerous to the community than someone who shoots at someone and hits.  The danger someone poses to a community is not a matter of luck but of whether that person may continue in the same or similar conduct at issue if released.  Hollins may have had "bad luck" insofar as the minor he thought he was trafficking was in fact an undercover agent, but the danger Hollins poses to the community remains the same regardless of whether the minor was an undercover agent.  Perhaps this is why the Model Penal Code generally makes an attempted offense warrant the same punishment as a completed offense.[4]

And it should be clear that Hollins's attempted sex trafficking charge is not for merely talking to a minor about commercial sex.  Per the Government's affidavit, Hollins solicited the "minor," instructed her on how to engage in commercial sex, posted an advertisement, and collected "proceeds" from the commercial sex all while using various methods to attempt to avoid law enforcement detection.  The Court also notes that Hollins, in a communication provided by the affidavit, says he has been involved in selling commercial sex for four years.  Although Hollins has no record of sex trafficking, Hollins's past disorderly conduct and battery convictions against a woman, his attempts to avoid law enforcement detection in this case, and the evidence that he has been involved in selling commercial sex for four years show that he poses

---

[4] MODEL PENAL CODE § 5.05 ("Except as otherwise provided in this Section, attempt, solicitation and conspiracy are crimes of the same grade and degree as the most serious offense which is attempted or solicited or is an object of the conspiracy.").  A majority of states use the Model Penal Code approach in some degree.  Congressional Research Service, *Attempt: An Overview of Federal Criminal Law*, May 13, 2020, *at* https://fas.org/sgp/crs/misc/R42001.pdf.

a danger to the community.  The Court concludes Hollins's danger to the community favors detention.

For the reasons stated above, the Court concludes the Government has shown clear and convincing evidence that all four section 3142(g) factors favor detention and that there are no conditions of release that will reasonably assure the safety of any other person and the community.

## II.

For the reasons discussed above, the Court **VACATES** the Magistrate Judge's pretrial release order and finds that Hollins should be **DETAINED** pending trial pursuant to 18 U.S.C. § 3142 because no conditions exist under which he could be released to reasonably assure the safety of the community.  The Court therefore **ORDERS** that Hollins be held without bond pending trial.  The Court **ORDERS** that Hollins be committed to the custody of the Attorney General or a designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or held in custody pending appeal.  The Court **ORDERS** the United States Marshals service to deliver Hollins for all appearances in connection with the court proceedings in this criminal action. The undersigned further holds that Hollins should be afforded reasonable opportunity for private consultation with his counsel in accordance with 18 U.S.C. § 3142(i).

**IT IS SO ORDERED** this 3rd day of August, 2020.

BRANTLEY STARR
UNITED STATES DISTRICT JUDGE